IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLORADO

Civil Action No. 15-cv-01354-GPG

CHEARIA FEEMSTER,

    Plaintiff,

v.

MR. MIN KIM,

    Defendant.

---

ORDER OF DISMISSAL

---

    Plaintiff, Chearia Feemster, is a resident of Aurora, Colorado. Ms. Feemster initiated this action by filing *pro se* a Complaint (ECF No. 1) alleging that Defendant, the owner of a motel in which Ms. Feemster was living, violated her federal constitutional rights and caused personal injury when he sprayed her in the face with mace in August 2013. As relief Ms. Feemster seeks damages in an amount no greater than $20,000.00. On July 6, 2015, Magistrate Judge Craig B. Shaffer ordered Ms. Feemster to show cause why this action should not be dismissed for lack of subject matter jurisdiction. Ms. Feemster was warned that the action would be dismissed without further notice if she failed to show good cause within thirty days. Ms. Feemster has not responded to Magistrate Judge Shaffer's show cause order.

    The Court must construe the Complaint liberally because Ms. Feemster is not represented by an attorney. *See Haines v. Kerner*, 404 U.S. 519, 520-21 (1972); *Hall v. Bellmon*, 935 F.2d 1106, 1110 (10th Cir. 1991). However, the Court should not act as an advocate for a *pro se* litigant like Mr. Sandles. *See id.* For the reasons stated below,

the action will be dismissed for lack of subject matter jurisdiction.

Pursuant to Fed. R. Civ. P. 12(h)(3), the Court must dismiss an action if the Court lacks subject matter jurisdiction.

> Federal courts are courts of limited jurisdiction. They possess only that power authorized by Constitution and statute, which is not to be expanded by judicial decree. It is to be presumed that a cause lies outside this limited jurisdiction, and the burden of establishing the contrary rests upon the party asserting jurisdiction.

*Kokkonen v. Guardian Life Ins. Co. of Am.*, 511 U.S. 375, 377 (1994) (citations omitted). The issue of subject matter jurisdiction may be raised *sua sponte* by the Court at any time during the course of the proceedings. *See McAlester v. United Air Lines, Inc.*, 851 F.2d 1249, 1252 (10th Cir. 1988). As the party invoking federal jurisdiction, it is Ms. Feemster's burden to allege facts that demonstrate the case falls within the Court's limited jurisdiction. *See Butler v. Kempthorne*, 532 F.3d 1108, 1110 (10th Cir. 2008).

There are two statutory bases for federal subject matter jurisdiction: federal question jurisdiction under 28 U.S.C. § 1331 and diversity jurisdiction under 28 U.S.C. § 1332. The Court must construe these statutes strictly. *See United States v. Pethick*, 513 F.3d 1200, 1202 (10th Cir. 2008). Section 1331 provides that "[t]he district courts shall have original jurisdiction of all civil actions arising under the Constitution, laws, or treaties of the United States." "For a case to arise under federal law within the meaning of § 1331, the plaintiff's well-pleaded complaint must establish one of two things: either that federal law creates the cause of action or that the plaintiff's right to relief necessarily depends on resolution of a substantial question of federal law." *Firstenberg v. City of Santa Fe*, 696 F.3d 1018, 1023 (10th Cir. 2012) (internal quotation marks

omitted). Section 1332(a) provides in relevant part that "[t]he district courts shall have original jurisdiction of all civil actions where the amount in controversy exceeds the sum or value of $75,000 . . . and is between (1) citizens of different States."

Magistrate Judge Shaffer construed the Complaint as asserting a claim pursuant to 42 U.S.C. § 1983 because Ms. Feemster contends her federal constitutional rights have been violated. Section 1983 "provides a federal cause of action against any person who, acting under color of state law, deprives another of his federal rights." *Conn v. Gabbert*, 526 U.S. 286, 290 (1999). As Magistrate Judge Shaffer noted, the court has subject matter jurisdiction over § 1983 claims. However, "the under-color-of-state-law element of § 1983 excludes from its reach merely private conduct, no matter how discriminatory or wrongful." *American Mfrs. Mut. Ins. Co. v. Sullivan*, 526 U.S. 40, 50 (1999) (internal quotation marks omitted). Therefore, the only proper defendants in a § 1983 action are those who "'represent [the State] in some capacity, whether they act in accordance with their authority or misuse it.'" *NCAA v. Tarkanian*, 488 U.S. 179, 191 (1988) (quoting *Monroe v. Pape*, 365 U.S. 167, 172 (1961)).

Ms. Feemster's claims against Defendant may not be raised in a § 1983 action because she fails to allege facts that demonstrate Defendant was acting under color of state law. To the extent Ms. Feemster may intend to assert her personal injury claims pursuant to some other statutory authority, she fails to demonstrate the claims are created by federal law or that she is asserting a right to relief that depends on resolution of a substantial federal question. Therefore, she fails to demonstrate the Court has subject matter jurisdiction over her claims pursuant to § 1331.

Ms. Feemster also fails to demonstrate the Court has diversity jurisdiction over

her claims pursuant to 28 U.S.C. § 1332. She does not seek an award of damages in excess of $75,000 and she fails to allege facts that demonstrate she and Defendant are citizens of different states.

For these reasons the action will be dismissed without prejudice for lack of subject matter jurisdiction. If Ms. Feemster wishes to pursue her claims against Defendant, she must do so in an appropriate state court.

The Court also certifies pursuant to 28 U.S.C. § 1915(a)(3) that any appeal from this order would not be taken in good faith and therefore *in forma pauperis* status will be denied for the purpose of appeal. *See Coppedge v. United States*, 369 U.S. 438 (1962). If Plaintiff files a notice of appeal she also must pay the full $505 appellate filing fee or file a motion to proceed *in forma pauperis* in the United States Court of Appeals for the Tenth Circuit within thirty days in accordance with Fed. R. App. P. 24. Accordingly, it is

ORDERED that the Complaint and the action are dismissed without prejudice for lack of subject matter jurisdiction pursuant to Fed. R. Civ. P. 12(h)(3). It is

FURTHER ORDERED that leave to proceed *in forma pauperis* on appeal is denied.

DATED at Denver, Colorado, this  11th  day of    August    , 2015.

BY THE COURT:

s/Lewis T. Babcock
LEWIS T. BABCOCK, Senior Judge
United States District Court